UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
OZEM THOMAS,

                Petitioner,                12 CV 3336 (SJ)

   v.

                                                  <u>MEMORANDUM
AND ORDER</u>

UNITED STATES OF AMERICA,

                Respondent.
---------------------------------------------------X

A P P E A R A N C E S
Ozem Thomas, # 56217-853, *Pro Se*
USP Atwater
United States Penitentiary
P.O. Box 019001
Atwater, CA 95301

LORETTA E. LYNCH
United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201
*Attorney for the Respondent*

**JOHNSON, Senior District Judge:**

      On February 9, 2004, following a jury trial, petitioner Ozem Thomas ("Petitioner" or "Thomas") was convicted of all 13 counts charged against him in a 1998 indictment, including three Hobbs Act robberies, seven weapons offenses related to those robberies, a felon-in-possession charge and a murder in the course of the commission of a robbery, all in furtherance of his participation the "Criminals

Gettin' Paid" crew operating out of East Flatbush. See 18 U.S.C. §§ 1951, 922(g), 922(g); 924 (a)(6)(B)(ii), 924(c)(1), 924(h), 922(x)(1)(A). This was Thomas' second trial for these offenses, the first having resulted in a reversal following a successful challenge pursuant to Batson v. Kentucky, 476 U.S. 79 (1986).

On July 29, 2004, Thomas was sentenced to a term of life imprisonment plus 540 months. Thomas filed a timely notice of appeal and on January 24, 2006, his conviction was affirmed, but the action remanded in contemplation of resentence pursuant to United States v. Crosby, 397 F.3d 103 (2005). On April 28, 2006, the Court reimposed its sentence of life plus 540 months.

Since then, Thomas has made a series of applications with the Court. On September 7, 2007, he filed a motion to vacate his conviction, pursuant to 28 U.S.C. § 2255 ("Section 2255"), arguing that he was deprived effective assistance of counsel after a juror expressed fear for her safety and counsel failed to request a more detailed voir dire. See Thomas v. United States, (SJ) 07 CV 3751 Dkt. No. 1 (E.D.N.Y. Sept. 7, 2007). Specifically, at Thomas' second trial, several witnesses testified that they became afraid for their lives after testifying in the first trial. One witness testified that he was stabbed with a box cutter shortly before he testified.

A juror then informed a court employee of her concern with the court's sign-in procedure for jury attendance. The Court reassured the juror that she was safe and inquired whether the juror had spoken to anyone about her fears. The juror reported that she did not. The juror was excused and no further inquiry was made.

In rejecting Petitioner's ineffective assistance claim pursuant to Strickland v. Washington, 466 U.S. 668 (1984), the Court held that there was no evidence that the jury deliberated prematurely and that, in any event, Petitioner failed to show prejudice. See Thomas v. United States, (SJ) 07 CV 3751 at Dkt. No. 9. Thomas appealed this decision, and on January 7, 2010, the appeal was dismissed.

On September 24, 2010, Thomas filed a motion pursuant to Federal Rule of Civil Procedure 60(b) or, in the alternative to "reopen" his Section 2255 petition. The motion was denied in an October 20, 2010 order (the "October 20 Order") because Thomas sought to challenge his underlying conviction, while Rule 60(b) is available in the habeas context only when challenging the integrity of the habeas proceeding itself. The October 20 Order also informed Thomas that he could pursue a second or successive Section 2255 petition before the Court of Appeals. See Thomas v. United States, (SJ) No. 10 CV 4588, at Dkt. No. 2 (E.D.N.Y. Oct. 20, 2010). Thomas appealed that order, and was denied a certificate of appealability on February 28, 2011.

While that appeal was pending, Petitioner's co-defendant, James Johnson ("Johnson") was resentenced from a term of life to a term of 25 years. Thomas then filed a petition for writ of audita querela, arguing that his sentence, too, should be reduced. See Thomas v. United States, (SJ) 11 CV 6047 at Dkt. No. 1 (E.D.N.Y. Filed Dec. 2, 2011). Because a writ of audita querela is limited to legal objections brought to light after conviction that are not otherwise redressable pursuant to

another post-conviction remedy, the petition (which failed to identify any such objection) was denied in a December 4, 2011 order. Thomas appealed that order and the Second Circuit dismissed the appeal on June 12, 2012.

The instant Petition followed. Thomas styled the Petition as one pursuant to Section 2255, but claims that it is not a second or successive petition because he "does not attack the sentence or conviction" but seeks to reinstate his appellate rights. (Dkt. No. 1.) Specifically, Thomas claims that his trial counsel failed to perfect the appeal of his Crosby resentence, constituting ineffective assistance of counsel, and that his habeas counsel, too, was ineffective for failing to raise that same argument in his initial 2255 petition.

To explain the timing of the Petition, Thomas offers the following: "once petitioner's Certificate of Appealability was denied petitioner has to study, learn and try to comprehend a very complex legal system that often demands no less than ten to fifteen years of constant schooling before some of the best minds could get a minute understanding of it's [*sic*] procedural obligations." (Id. at 7.)

Thomas' concerns about the complexity of the applicable procedures need not detain us long because the procedure here is not complex. As stated in the October 20 Order, section 2255 contains several gatekeeping provisions, including strict requirements for bringing successive petitions.

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient

4

> to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Thomas does not dispute that this certification requirement applies to him. Therefore, the Court will not – and cannot – indulge his new claims. Thomas is hereby cautioned that a continued pattern of filing of frivolous motions will be met with an order to show cause why he should not be sanctioned. He is further advised that sanctions could include monetary sanctions, but in any event, if imposed, will certainly include a sanction preventing him from submitting any filings without the Court's permission. The Court need not tolerate judicial waste in this time of economic despair, nor abuse of the in forma pauperis status. See, e.g., Vey v. Clinton, 520 U.S. 937 (1997) (denying recalcitrant pro se litigant's motion to proceed in forma pauperis and instructing the Clerk of the Court not to accept any further petitions without leave of the Court); Martin v. Dist. of Columbia Court of Appeals, 506 U.S. 1, 3 (1992) ("Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice."); Viola v. United States, 481 F.3d 30, 31 (2d Cir. 2012) (affirming imposition of leave-to-file sanctions after petitioner failed to demonstrate that his filings were not frivolous).

Accordingly, in the interest of justice, the Clerk of Court shall transfer this motion to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631. See Liriano v. United States, 95 F.3d 119 (2d Cir. 1996) (per curiam). This order closes this case. If the Second Circuit authorizes petitioner to proceed in this matter, he shall move to reopen under this docket number.

SO ORDERED.

Dated: April 18, 2013 _____/s_____
      Brooklyn, New York      Sterling Johnson, Jr., U.S.D.J.